IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>ALBERTA BAIDOO.<br><br>EMMANUEL K. BAIDOO,<br><br>                Appellant,<br><br>      v.<br><br>TRUDY SUSAN BAIDOO,<br><br>               Respondent. | No. 80552-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — Trudy Baidoo admitted decedent Alberta Baidoo's will to probate. Over a year later, Emmanuel Baidoo, Trudy's father and Alberta's husband, filed a Trust and Estate Dispute Resolution Act[1] (TEDRA) petition. Emmanuel's[2] petition requested "an Order that [Emmanuel] shall take from the Estate and [Trudy], jointly and severally, the amounts that would have flowed to him had he (a) hired counsel to challenge the Will and (b) succeeded in said challenge." Apparently determining that Emmanuel's petition constituted a will contest, the trial court dismissed it as time-barred by RCW 11.24.010's four-month limitations period. Because Emmanuel's petition would have required the trial court to determine issues affecting the validity of Alberta's will, we affirm.

---

[1] Chapter 11.96A RCW.

[2] For clarity, we refer to the Baidoos by their first names. We intend no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

I. BACKGROUND

Trudy admitted Alberta's will to probate. The probate court appointed her as personal representative for the estate.

Nearly 14 months later, Emmanuel filed a TEDRA petition, alleging as follows: Alberta suffered from cancer. Weeks before her passing, members of Trudy's family "flew in from around the world in order to pressure [Alberta] (against her wishes) to execute" a "death bed will" disinheriting Emmanuel. After his wife's passing, Emmanuel told Trudy that "he did not believe that the death bed Will was, in any way, a reflection of what [Alberta] wanted." Trudy responded that she would "ensure that [Emmanuel] would be able to maintain [Alberta's] assets and that only upon [Emmanuel's] death would those assets be split up." But Trudy was misleading Emmanuel, and providing inaccurate legal advice, so that he would not obtain legal counsel in time to challenge the will. Emmanuel asserted that the conduct he alleged constituted a breach of the fiduciary duty Trudy owed to him as the personal representative of Alberta's estate.

Trudy moved to dismiss Emmanuel's petition as time-barred under RCW 11.24.010. The trial court granted the motion and dismissed the case. The court also awarded Trudy $3,500 in costs and attorney fees. Emmanuel appeals.

## II. ANALYSIS

### A. Statute of Limitations

Emmanuel asserts that RCW 11.24.010's four-month limitation period does not bar his TEDRA petition because he is not contesting the will. We disagree.

We review de novo a trial court's interpretation of a probate statute. In re Estate of Jones, 152 Wn.2d 1, 8-9, 93 P.3d 147 (2004).

RCW 11.24.010 requires a party to file a will contest within four months following probate. "A will contest is the proceeding in which a court determines issues 'affecting the validity of the will.'" Cassell v. Portelance, 172 Wn. App. 156, 162, 294 P.3d 1 (2012) (citing RCW 11.24.010). "A court may treat a motion as a will contest, even where the petitioner styles it otherwise." Cassell, 172 Wn. App. at 162 (citing In re Estates of Palmer, 146 Wn. App. 132, 137-38, 189 P.3d 230 (2008)).

Here, Emmanuel argues that his petition does not constitute a will contest because, "[r]ather than challenge any will, [Emmanuel's] petition alleges various breaches of fiduciary duty by [Trudy] in her role as personal representative of [Emmanuel's] wife's estate." Though Emmanuel couched his petition in terms of violations of fiduciary duty, he clearly seeks to contest Alberta's will. For instance, the facts section of Emmanuel's petition refers to Alberta's will as a "death bed Will," claims that Alberta executed the will "mere weeks before her passing," and asserts that Alberta's family members "flew in from around the

world to pressure [Alberta] (against her wishes) to execute a will disinheriting [Emmanuel]." It states that Emmanuel "did not believe that the death bed Will was, in any way, a reflection of what [Alberta] wanted." It requests "an Order that [Emmanuel] shall take from the Estate and [Trudy], jointly and severally, the amounts that would have flowed to him had he (a) hired counsel to challenge the Will and (b) succeeded in said challenge."

Thus, to resolve Emmanuel's petition, the court would have had to determine whether he would have succeeded in a will contest had he timely filed one. To do so, the court would have determined whether lack of capacity or undue influence affected the validity of Alberta's will. Because Emmanuel's petition would have required the court to consider issues affecting the validity of Alberta's will, it constituted a will contest. Accordingly, Emmanuel needed to file his petition within four months of the date Trudy opened the will for probate. Emmanuel, however, did not file his petition until over a year had passed. The trial court did not err by dismissing the petition as time-barred.[3]

---

[3] Trudy offers an alternative argument supporting affirmance. She says Emmanuel's breach of fiduciary duty claims fail because the lower court, in another case, denied Emmanuel's motion for an order to show cause pursuant to RCW 11.68.070 based on the same allegations of breach of fiduciary duty as made in his TEDRA petition. She asserts that this shows the court determined that Emmanuel failed to establish any ground under RCW 11.28.250 to remove her as personal representative of Alberta's estate. To support this argument, Trudy moved to supplement the record in this case. Because we determine the trial court properly dismissed Emmanuel's TEDRA petition as time-barred, we do not address Trudy's alternative argument. Thus, we deny her motion to supplement the record.

4

B. Attorney Fees Below

Emmanuel contends that because the court incorrectly determined that his petition was time-barred, it abused its discretion by awarding attorney fees to Trudy. In light of our conclusion above, we disagree.

RCW 11.96A.150 provides that a court has the discretion to order costs, including reasonable attorney's fees, to any party. "We review a trial court's fee decision under this statute for abuse of discretion, meaning we will uphold the court's decision unless it is manifestly unreasonable or based on untenable grounds or reasons." Bale v. Allison, 173 Wn. App. 435, 461, 294 P.3d 789 (2013).

Here, Trudy successfully moved to dismiss Emmanuel's petition as time-barred. Given that Emmanuel filed his petition around ten months after the limitations period had expired, it was not unreasonable to award Trudy her reasonable attorney's fees and costs. Emmanuel does not challenge the amount of the award as unreasonable. The trial court did not abuse its discretion by awarding Trudy her reasonable fees and costs.

C. Attorney Fees on Appeal

In the conclusion of her response brief, Trudy "requests attorney fees and costs for having to defend this appeal pursuant to RAP 18.1 and 14.2." A separate section addressing fees issues is mandatory under RAP 18.1(b). Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wn.2d 692, 710 n.4, 952

5

P.2d 590 (1998).  Because Trudy fails to properly brief her request for fees on appeal, we decline to award them.[4]

    We affirm.

_Chun, J._

WE CONCUR:

_Mann, C.J._      _Appelwick, J._

---

[4] Emmanuel also asks us to award him his attorney fees and costs on appeal under RCW 11.24.050, which gives courts the discretion to award fees and costs "[i]f the probate be revoked or the will annulled."  Because we do not revoke the probate or annul Alberta's will, we decline to award Emmanuel his attorney fees and costs on appeal.